IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER H. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 17-1300-GMS |
| | ) |
| PERRY PHELPS, DOC Commissioner, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Christopher H. West ("West"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 6.) West filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## II. BACKGROUND

West alleges violations of the First and Eighth Amendment because he is denied the ability to practice his religious beliefs and rites of worship. West's religion includes elements of the Jewish faith incorporated into the religion of Thelema.[2] According to West, the practice of his religion includes a healthy kosher diet. West indicates that he has been offered a kosher diet,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The religion known as Thelema was founded in 1904. Thelema emphasizes individualism and the uniqueness of each person's will. It is a philosophy and a way of life, while also overlapping with the set of practices and symbols commonly called "Magick". *See* http://oto-sa.org/thelema/ (last visited Nov. 27, 2017).

1

but has refused it as he does not consider it healthy. He also complains that his religious rights are denied because the defendant Delaware Department of Correction ("DOC") Commissioner Perry Phelps ("Phelps") does not allow him "to perform the great rite in worship of the Goddess" which includes consensual, legal sex with a female to represent the union with the descendent, West, and the Divine Goddess." (D.I. 2 at 5.) West alleges that the DOC policy set by Phelps has denied his repeated grievances requesting that he be allowed to perform the rite, as well as his requests for Tarot cards.

West also alleges violations of the First, Fifth, and Eighth Amendments as applied to the States through the Fourteenth Amendment. He states that slavery is abhorrent to his religious beliefs and alleges that under Phelps' policies, in order to reduce his confinement level and speed his release, he must accept slavery and slave wages for his "work" as a tier janitor in violation of his constitutional rights. (*Id.* at 6.) West alleges that forcing him to accept the role of a slave or a role forced upon him for any reason is a crime against his "very religious bedrock." He further alleges slavery visited upon any person violates the Thirteenth Amendment.

West seeks compensatory and punitive damages, as well as injunctive relief.

### III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*,

2

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because West proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant West leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed,

3

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Free Exercise Claims

It is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Bell*, 441 U.S. at 546. As a result, under the First Amendment, prison officials may restrict an inmate's religious practices to accomplish the goals of "maintaining

4

institutional security and preserving internal discipline," *id.* at 546, so long as the restrictions are "rationally related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

When a prisoner claims that his right to exercise religion has been curtailed, a court must determine as a threshold matter whether the prisoner has alleged a belief that is "both sincerely held and religious in nature." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). If so, the court must then apply the four-factor test set forth in *Turner v. Safley*, to determine whether the curtailment at issue is "reasonably related to penological interests." *DeHart*, 227 F.3d at 51.

The four factors relevant to the constitutionality of a prison's restrictions on religion include: (1) whether a valid, rational connection exists between the regulation and the government interest it protects; (2) whether prisoners have alternative means of exercising the protected right; (3) the impact of accommodating the right on other inmates, guards, and the allocation of prison resources generally; and (4) whether alternatives exist that fully accommodate the prisoner's rights at *de minimis* cost to valid penological interests. *Turner*, 482 U.S. at 89-90.

The complaint challenges numerous policies allegedly enacted by Phelps. West states that his religion requires he follow a healthy kosher diet which is not provided to him. Yet, he acknowledges that he was offered kosher meals, and he refused them. Thus, the court concludes that West's allegations regarding the failure to provide a kosher diet are frivolous.

West also alleges that he is not allowed to perform the Great Rite in the worship of the Goddess. In essence, West seeks visits to engage in sexual relations with an unnamed female under the guise of religion.[3] It is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits. *See Kentucky Dep't of Corr. v. Thompson*, 490

---

[3] As of 2016, only four states still allowed conjugal visits in their prisons: California, Connecticut, New York, and Washington. *See* https://www.themarshallproject.org/2015/02/11/conjugal-visits (last visited Nov. 27, 2017).

5

U.S. 454, 460 (1989) (no due process right to unfettered visitation); *Block v. Rutherford*, 468 U.S. 576 (1984) (blanket prohibition on contact visits does not amount to a constitutional violation); *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002); (no due process or Eighth Amendment right while incarcerated to contact visits or conjugal visits); *Hernandez v. Coughlin*, 18 F.3d 133, 137 (2d Cir. 1994) (prisoners have no right to conjugal visits because "[r]ights of marital privacy . . . are necessarily and substantially abridged in the prison setting"); *Inmates of the Allegheny Cnty. Jail v. Pierce*, 612 F .2d 754, 759 (3d Cir. 1979) (prohibition of contact visits is reasonable response to legitimate concerns of prison security); *Ortiz v. Secretary for Dep't of Corr.*, 156 F. App'x 132, 134 (11th Cir. 2005) (unpublished) (inmate does not have a constitutional right to conjugal visits); *Ali v. Tennessee Dep't of Corr.*, 169 F.3d 489 (6th Cir. 1998) (table decision) (the Constitution does not create any protected guarantee to conjugal visitation privileges while incarcerated); *Trowery v. Perrill*, 25 F.3d 1058 (10th Cir. 1994) (table decision) (prisoner does not have a constitutional right to conjugal visits). In sum, West's quest for contact or conjugal visits fails regardless of the amendment he invokes.

Finally, West complains that his requests for Tarot cards were denied. Several jurisdictions have upheld the denial of tarot cards as rationally related to a legitimate government interest – prison security. *See Singson v. Norris*, 553 F.3d 660, 662-63 (8th Cir. 2009) (upholding prison policy in part because unrestricted tarot cards could be used for "gambling, trafficking, psychological control, and gang symbols"); *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 610-11 (5th Cir. 2008) (finding that runestones and tarot cards could be used for "gambling, trafficking, and trading" and thus "pose a unique security risk"); *Lemcool v. Florida Dep't of Corr.*, 543 F. App'x 909 (11th Cir. 2013) (unpublished) (prison policy prohibiting inmates from possessing tarot cards in their cells was rationally related to legitimate government interest in prison security); *see also e.g., Dunn v. Secretary Pa. Dep't of Corr.*, 490

F. App'x 429, 432 (3d Cir. 2012) (holding institution's denial of runes was reasonably related to legitimate penological interests). Because the tarot deck policy is not unreasonable, the court finds that West fails to allege an actionable constitutional violation.

Based upon the foregoing discussion, the court concludes that the religion claims are legally frivolous and, therefore, they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Prison Employment, Slavery

West also alleges violations of the First, Fifth, Eighth, Thirteenth, and Fourteenth amendments because of the policy that requires his employment in a prison job to reduce his confinement level and speed his release. West alleges that the prison job is abhorrent to his religious beliefs because it is a form of slavery due to the slave wages he is forced to accept.

The claims are frivolous and merit little discussion. The Thirteenth Amendment prohibits slavery and involuntary servitude. U.S. Const. amend. XIII. To the extent West alleges slavery and/or involuntary servitude, his claims lacks an arguable basis in law or in fact, is frivolous, and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### V. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The court finds amendment futile.

An appropriate order will be entered.

\_\_\_\_Dec 4\_\_\_\_, 2017
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE

7